131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin GREEN, Petitioner-Appellant,
v.
Ernest C. ROE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56049.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1997.**
Decided Oct. 22, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-06127-GHK; George H. King, District Judge, Presiding.
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin Green, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction of second degree robbery, assault with a firearm, first degree burglary, shooting at an inhabited dwelling, and attempted murder. We affirm.
 
 
 3
 Because the parties are familiar with the facts, we will not recite them here.
 
 I.
 
 4
 Since the filing of the briefs in this case, this Court has held that the AEDPA does not apply retroactively. See Jeffries v. Wood, 114 F.3d 1484 (9th Cir.1997) (en banc); accord Lindh v. Murphy, --- U.S. ----, 117 S.Ct. 2059 (1997). Green's habeas petition was pending in district court when the President signed the AEDPA, so pre-AEDPA law applies to his claims on appeal.
 
 II.
 
 5
 Green's right to equal protection was not violated by the prosecutor's exclusion of two of three African-American jurors. Green failed to establish a prima facie case of discrimination under Batson v. Kentucky, 476 U.S. 79 (1986), because he did not point to circumstances sufficient to raise an inference of prosecutorial bias. See United States v. Vaccaro, 816 F.2d 443, 457 (9th Cir.1987).
 
 
 6
 Even assuming Green made out a prima facie case, the trial court correctly found that the prosecutor rebutted any inference of discriminatory intent.
 
 III.
 
 7
 This court has recognized that a criminal defendant has a constitutional right to be present during the readback of testimony to a jury. Hegler v. Borg, 50 F.3d 1472, 1476-77 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S. Ct 675 (1995). However, habeas relief for a violation of this right should be granted "[o]nly if the record demonstrates the jury's decision was substantially influenced by the trial error or there is grave doubt as to whether the error affected a jury." Id. at 1478 (internal quotation and citation omitted). Green has not shown that his absence from the readback had any effect on the jury and therefore is not entitled to habeas relief. See Turner v. Marshall, 121 F.3d 1248, 1255 (9th Cir.1997).
 
 IV.
 
 8
 Green's Sixth Amendment right to effective assistance of counsel was not violated when his trial counsel waived both his own and Green's presence for readback. Green has established neither deficient performance nor prejudice, and therefore he has no claim under Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 V.
 
 9
 While the failure to instruct on a lesser included offense in a capital case would be constitutional error if there was evidence to support the instruction, see Villafuerte v. Stewart, 111 F.3d 616, 623 (9th Cir.1997), this court has never extended this rule to non-capital offenses. See Turner v. Marshall, 63 F.3d 807, 819 (9th Cir.1995) (citations omitted).
 
 
 10
 Green has not shown that the omission of the lesser included crime from the jury instruction so infected the entire trial that his resulting conviction violated due process, and therefore is not entitled to habeas relief. Henderson v. Kibbe, 431 U.S. 145, 154-55 (1977).
 
 
 11
 Likewise, Green has failed to show that he was denied due process when the state trial court refused to instruct the jury that the prosecutor had misstated the law regarding proof of intent required for attempted murder. This jury instruction is not cognizable on habeas review because Green has not shown that the error so infected the trial that his conviction violated due process. Estelle v. McGuire, 502 U.S. 62, 72 (1991).
 
 VI.
 
 12
 Green has failed to show why he should be granted habeas relief. Accordingly, for all the reasons stated above, the judgment of the district court is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R. App P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3